77 F.3d 484
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Judith P. HENTGES, Defendant-Appellant.
 No. 95-2193.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 23, 1996.
Decided Feb. 2, 1996.
 
 Before POSNER, BAUER and TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Hentges appeals her sentence claiming that the district court erred in adding a two point enhancement based upon a finding that Hentges abused a position of trust. U.S.S.G. § 3B1.3. Hentges pleaded guilty to one count of fraudulently obtaining funds insured under 20 U.S.C. § 28(6). 20 U.S.C. § 1097(a). Hentges was the owner and president of a beauty school that participated in the Pell Grant program, which was funded by the United States Department of Education, and the Guaranteed Student Loan Program, which provided loans guaranteed by the Department of Education. Hentges submitted loan applications in the names of parties who never attended her school and used these funds herself; failed to notify the Department of Education about students who had left the school and thus continued to receive grants on behalf of those students; and failed to refund Guaranteed Student Loan funds that had been credited to her school for students who were no longer in attendance. (Appellant's Brief at 4; Appellee's Brief at 5.)
 
 
 2
 The district court found that Hentges was in a position of public trust that was given to her by the federal government and that her abuse of this position allowed her to commit the crime to which she pleaded guilty and to cover it up. (Sentencing Hearing Transcript at 82.) On appeal, Hentges argues that an enhancement for abuse of a position of trust requires the district court to find that the defendant had a fiduciary relationship with the victim, United States v. Brown, 47 F.3d 198, 206 (7th Cir.1995), and that therefore the district court erred in finding that Hentges abused a position of trust, because it did not determine whether she had a fiduciary relationship with her students. (Appellant's Brief at 8-9.) On appeal Hentges ignores the fact that the district court determined that she had a position of trust with the Department of Education, (Sentencing Hearing at 82), neither conceding this point nor arguing that the district court erred in finding that such a relationship existed. Nor does she argue that this relationship should not be considered in the sentencing. She simply argues that she did not have a fiduciary relationship with her students. Hentges' argument is analogous to that of a defendant who has been found guilty of murdering John Doe claiming that there is error, because there was no finding that he murdered Jane Roe. Because Hentges has not pointed to any error in the district court's holding we affirm the court's sentence.
 
 
 3
 Although we must affirm the lower court's order because Hentges has failed to make any showing that the court was in error, we point out that even if she had addressed the lower court's reasoning she would not have prevailed in this appeal. Whether a defendant occupies a position of trust within the meaning of U.S.S.G. § 3B1.3 turns upon whether she had " 'access or authority over valuable things....' " United States v. Lamb, 6 F.3d 415, 421 (7th Cir.1993) (quoting United States v. Odoms, 801 F.Supp. 59 (N.D.Ill.1992)). Recently, this Court held that in order to make this determination a court should look to whether the defendant and the victim had a fiduciary as opposed to an arm's length relationship. United States v. Brown, 47 F.3d 198, 205 (7th Cir.1995).
 
 
 4
 In this case, while Hentges' actions may have harmed some students, the United States Department of Education can clearly be characterized as a victim of her crime. Hentges fraudulently obtained funds that the Department of Education provided and funds from loans that the Department of Education guaranteed. Thus, the district court did not err in looking at the relationship between Hentges and the Department of Education in order to determine whether it should add a two-point enhancement. Thus, the remaining issue is whether Hentges' relationship with the Department of Education created a position of trust and whether Hentges abused that position.
 
 
 5
 Hentges relationship with the Department of Education was as a fiduciary. Through the student loan program, the Department of Education entrusted Hentges to administer loan monies that it provided or guaranteed. The relationship between Hentges and the federal government was such that the Department of Education did not closely monitor her access to and distribution of the funds. Therefore Hentges had much more power over Department of Education funds than she would have had if these parties merely had an ordinary commercial relationship. Moreover, Hentges used this relationship to accomplish her fraud. She was able to misappropriate funds that by law were only to be used by students, because the Department of Education trusted her to administer the Pell Grant and GSL programs at her school. As such, the evidence shows that Hentges' acts satisfied the elements for an enhancement based upon a defendant's abuse of a position of trust, namely occupying a position of trust and abusing that position to facilitate her crime. United States v. Boyle, 10 F.3d 485, 488 (7th Cir.1993).
 
 
 6
 The government also argues that Hentges was a fiduciary by virtue of the agreement that she signed with the Department of Education and the applicable federal regulations. (Appellee's Brief at 12-13.) This Court, however, has stated that whether a defendant occupied a position of trust turns upon the nature of the actual relationship between the defendant and the victim and " 'whether the defendant ha[d] access or authority over valuable things' ", not on "simple categories that might be used to catagorize the relationship." Boyle, 10 F.3d at 489 (quoting Lamb, 6 F.3d at 421 (quoting Odoms, 801 F.Supp at 64)). At the same time, the agreement and the regulations could shed light on the true nature Hentges' relationship with the Department of Education. Thus, there are plausible arguments to be made on each side as to whether the agreement and the federal regulations establish that Hentges occupied a position of trust for purposes of U.S.S.G. § 3B1.3. In the present case the state assumes these regulations should define the relationship for purposes of the Sentencing Guidelines, while Hentges does not even address this argument. We do not resolve this issue here, however, because it is clear that irrespective of the force of the regulations and the agreement Hentges occupied a position of trust for purposes of receiving a two point enhancement under the guidelines.
 
 
 7
 The sentence of the district court is AFFIRMED.